**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:09-CR-00346-D-1 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DUSTIN MISHLER, | ) | |
| | ) | |
| Defendant. | ) | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 15 2026
CLERK, U.S. DISTRICT COURT
By JSF
Deputy

**PRO SE SUPPLEMENTAL MEMORANDUM IN MITIGATION, EXPLANATION, AND ACKNOWLEDGMENT REGARDING SUPERVISED RELEASE**

**TO THE HONORABLE SIDNEY A. FITZWATER, SENIOR UNITED STATES DISTRICT JUDGE:**

COMES NOW Defendant, Dustin Mishler, pro se, and respectfully submits this Supplemental Memorandum to advise the Court of recent supervision developments, acknowledge a procedural error in judgment regarding an unmonitored electronic device, and present compelling factual mitigation prior to further court proceedings. In support thereof, Defendant shows the Court as follows:

## I. ACKNOWLEDGMENT OF ADMINISTRATIVE AUTHORITY AND PROCEDURAL ERROR

1. Defendant explicitly acknowledges and understands that the U.S. Probation Office retains ongoing administrative authority over device monitoring and supervision conditions.

2. Defendant made an error in judgment under the mistaken subjective belief that formal judicial determination was required prior to the modification or revocation of earned device privileges previously authorized by prior Probation Officer Vicky Sanchez. Defendant accepts full responsibility for this procedural misunderstanding.

3. During the initial home inspection, Defendant hesitated to surrender the electronic device solely because it contained confidential legal work product regarding active pro se civil litigation (including ongoing landlord and HOA disputes). Defendant explicitly sought to consult legal counsel before surrendering private legal drafts. Defendant's initial hesitation was driven by a desire to preserve constitutional rights and work-product privilege, not to conceal illicit activity.

4. Following the high-stress confrontation, Defendant experienced severe, service-connected Post-Traumatic Stress Disorder (PTSD) hyperarousal and panic. Operating under extreme stress and a mistaken belief that he was required to immediately eliminate any unauthorized hardware from his residence to cure non-compliance, Defendant disposed of the offline device.

5. Defendant recognizes that this reactionary decision was a serious error in judgment born of panic and trauma triggers rather than a bad-faith attempt to destroy evidence or evade supervision. Defendant reaffirms that the device was maintained strictly offline, was never connected to the internet, and contained zero prohibited content.

**II. FACTUAL MITIGATION AND FINANCIAL HARDSHIP**

6. The device in question was utilized strictly as a repository to maintain legal filings, exhibits, and evidence for active pro se civil litigation.

7. Defendant maintained the device without active software monitoring solely due to documented financial hardship and an absolute inability to afford redundant out-of-pocket software monitoring fees across multiple electronic devices.

8. Defendant at no time operated the device to view prohibited material, contact unauthorized individuals, or violate federal law.

**III. ARGUMENT AND PRAYER FOR RELIEF**

9. Under 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(e), conditions and sanctions imposed by the court must be no greater than necessary to serve the statutory goals of public safety, deterrence, and rehabilitation.

10. Over five consecutive years of total real-world compliance, completed treatment programs, and truthful polygraph disclosures demonstrate that Defendant is not a risk to public safety.

11. Full revocation of supervised release would represent an excessively harsh sanction for a procedural misunderstanding born of financial constraints, pro se legal work product protection, and PTSD-induced panic.

WHEREFORE, Defendant, Dustin Mishler, pro se, respectfully prays that this Honorable Court consider this Supplemental Memorandum alongside all pending motions, decline to impose full revocation or imprisonment, and enter an Order clarifying or modifying device monitoring conditions to accommodate financial hardship and pro se legal representation.

Respectfully submitted,

Dustin Mishler, Defendant Pro Se
2101 Friendly Drive, Apartment 3114
Arlington, Texas 76011
Phone: (682) 392-6551
Email: dmishler1980@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11 day of September, 2026, a true and correct copy of the foregoing Pro Se Supplemental Memorandum in Mitigation, Explanation, and Acknowledgment Regarding Supervised Release was served via U.S. First Class Mail (or hand delivery) upon the following parties:

Patrick A. Vickery
Assistant United States Attorney
United States Attorney's Office
Northern District of Texas - Dallas Division
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242

Beth Long
United States Probation Officer
United States Probation Office
Eldon B. Mahon U.S. Courthouse
501 West 10th Street, Room 406
Fort Worth, Texas 76102-3639

Dustin Mishler, Defendant Pro Se

CERTIFIED MAIL®

9589 0710 5270 2724 3998 94

RECEIVED - 4

SEP 15 2026

MAILROOM

X-RAY

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 76011
02 7H
0006183101

$ 007.53⁰
SEP 11 2026

MAILING LABEL 1 (COURT CLERK)

Dustin Mishler
2101 Friendly Drive, Apt 3114
Arlington, TX 76011

**Clerk of Court**
**United States District Court**
**Northern District of Texas - Dallas Division**
**1100 Commerce Street, Room 1452**
**Dallas, TX 75242**