U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 17 2026
CLERK, U.S. DISTRICT COURT
By JJF
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:09-CR-00346-D-1<br>(Civil Action No. 3:26-cv-02368-D) |
| v. | ) | HON. SIDNEY A. FITZWATER<br>SENIOR U.S. DISTRICT JUDGE |
| DUSTIN ALLEN MISHLER,<br>Defendant / Petitioner Pro Se. | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN MITIGATION AND MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS PURSUANT TO 18 U.S.C. § 3583(E)(2)**

COMES NOW Defendant/Petitioner, Dustin Allen Mishler, appearing pro se, and respectfully files this Supplemental Memorandum in Mitigation and Motion to Modify Conditions of Supervised Release pursuant to 18 U.S.C. § 3583(e)(2). In support thereof, Defendant respectfully shows the Court as follows:

## I. PRELIMINARY STATEMENT & CONTEXT

**1. Statutory Authority:** Under 18 U.S.C. § 3583(e)(2), this Honorable Court retains broad statutory authority to modify, reduce, or discharge conditions of supervised release at any time prior to the expiration of the supervision term.

**2. Substantive Distinction Between Rehabilitation and Indefinite Control:** Defendant has served nearly five (5) consecutive years on supervised release, demonstrating consistent real-world stability, verified academic progress, and extensive clinical completions.

**3. The "Aftercare" Paradigm:** The U.S. Probation Office, through USPO Beth Long, explicitly and repeatedly maintains to Defendant that ongoing mandatory interventions are "only aftercare, Mr. Mishler." However, as applied over five years to an individual who has completed every assigned program level, maintaining open-ended, perpetual "aftercare" transforms a

rehabilitative tool into an indefinite administrative burden that exceeds the statutory directive of 18 U.S.C. § 3553(a)(2)(D).

## II. LEGAL ARGUMENT

### A. Perpetual Clinical Mandates Cause Severe Psychological Harm and Violate 18 U.S.C. § 3553(a).

Under established Fifth Circuit jurisprudence, special conditions of supervised release must be narrowly tailored and involve no greater deprivation of liberty than is reasonably necessary. Defendant's record demonstrates an exhaustive, multi-year history of clinical completion:

- **In-Custody Rehabilitation:** Defendant volunteered for and successfully completed the intensive Residential Drug Abuse Program (RDAP) while incarcerated, earning maximum early release under 18 U.S.C. § 3621(e).
- **Post-Release & Independent Interventions:** Defendant completed mandated post-release counseling, pursued external counseling independently after release, and engaged in ongoing personal therapeutic self-care.

To continuously force an individual through repetitive counseling cycles under the administrative label of "aftercare" attempts to fix something that is not broken. Rather than offering therapeutic value, this endless cycle causes severe, active psychological damage by keeping Defendant in a state of perpetual institutional subordination. Where initial clinical goals have been fully achieved, coercing endless participation under threat of revocation violates § 3553(a).

### B. Medical Gating Factors and Polygraph Inconclusivity.

As documented in Defendant's pending filings, Defendant suffers from a 100% VA service-connected disability rating for Post-Traumatic Stress Disorder (PTSD) stemming from combat military service. The continuous imposition of repetitive polygraph testing under the umbrella of "aftercare" triggers acute autonomic nervous system hyperarousal, rendering physiological readings inconclusive despite total truthfulness. Using administrative "aftercare" to compel endless testing cycles under known medical counter-indications converts a clinical intervention into an unconstitutional procedural trap.

## III. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court:

1. Accept this Supplemental Memorandum in Mitigation focused on supervision conditions and mandatory program requirements.
2. Exercise its authority under 18 U.S.C. § 3583(e)(2) to modify Defendant's special conditions of release by formally concluding mandatory "aftercare" requirements and suspending polygraph testing based on documented medical PTSD hyperarousal.
3. Grant Defendant's pending Motion for Early Termination of Supervised Release pursuant to U.S.S.G. § 5D1.4.

Respectfully submitted,

Dustin Allen Mishler, Defendant Pro Se
2101 Friendly Drive, Apt 3114
Arlington, Texas 76011
Phone: (682) 392-6551
Email: dmishler1980@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2026, a true and correct copy of the foregoing Defendant's Supplemental Memorandum in Mitigation was served via First-Class U.S. Mail, postage prepaid, upon:

Patrick A. Vickery
Assistant United States Attorney
1100 Commerce Street, Suite 300
Dallas, Texas 75242

United States Probation Office
Attn: USPO Beth Long / Supervising USPO
501 West 10th Street, Room 147
Fort Worth, Texas 76102

[signature]

Dustin Allen Mishler, Defendant Pro Se

CERTIFIED MAIL®

9589 0710 5270 2724 3999 31

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 76011
02 7H
0006183101

$ 007.53⁰
SEP 14 2026

RECEIVED - 4
SEP 17 2026
MAILROOM

Dustin Allen Mishler
2101 Friendly Drive, Apt 3114
Arlington, TX 76011

Clerk of Court
United States District Court, Northern District of Texas
Earle Cabell Federal Building & U.S. Courthouse
1100 Commerce Street, Room 1452
Dallas, TX 75242

X-RAY